IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT SPRUILL, :
:
    Petitioner, : CIVIL NO. 3:CV-06-2037
:
  vs. : (JUDGE VANASKIE)
:
PENNSYLVANIA BOARD OF PROBATION :
AND PAROLE, et al. :
:
    Respondents. :

MEMORANDUM

September 8, 2009

Background

    This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Robert Spruill during his prior confinement at the Mahanoy State Correctional Facility, Frackville, Pennsylvania ("SCI-Mahanoy"). His petition maintained that in denying him parole the Pennsylvania Board of Probation and Parole ("Parole Board"): (1) violated the Ex Post Facto Clause of the United States Constitution by retroactively applying the 1996 amendment to the Parole Act and new parole guidelines to the review of his parole eligibility; and (2) denied him due process by improperly considering a conviction which had been purportedly expunged.

    On February 14, 2008, Petitioner was granted conditional parole and was placed on a waiting list for placement in a Community Corrections Center ("CCC"). (Dkt. Entry # 33, at ¶ 7-

8.) During a May 14, 2009 telephonic scheduling conference conducted with the parties, Spruill indicated that he was scheduled to be transferred to a CCC in Harrisburg, Pennsylvania. Based upon that development, it was agreed that Petitioner would file a written status report with this Court indicating whether he would be withdrawing his present petition on the basis of mootness or would seek leave of court to submit an amended petition.

In a status report filed on June 9, 2009, Spruill indicated that his CCC transfer was imminent and that he intended "to seek leave of this Court to amend his Habeas petition" for the purpose of asserting that the Parole Board was still subjecting him to new paroling policies in violation of the Ex Post Facto Clause. (Dkt. Entry # 40 at 5.) By Notice dated June 24, 2009, Petitioner advised the Court that he had been transferred to the Harrisburg CCC. (Dkt. Entry # 44.)

Spruill subsequently filed a motion to expand the record "to include additional material/claims in the instant habeas corpus action." (Dkt. Entry. # 49 at 1.) His motion asserted that following his transfer to CCC the Parole Board was placing conditions on his eligibility for release to his approved home plan which violated the Ex Post Facto Clause.

On September 1, 2009, Respondents filed a motion (Dkt. Entry # 51) seeking dismissal of this matter on the basis that Petitioner's release from the CCC mooted his request for federal habeas corpus relief.

Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." However, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Once a habeas corpus petitioner is released from custody, a federal court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). This is due to the fact that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also

3

Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey, in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Burkey, 556 F.3d at 147. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

In their pending motion to dismiss, Respondents state that after mail sent to Mr. Spruill's attention at the CCC was returned, "the CCC was contacted and it was determined that Mr. Spruill has since left the CCC and been discharged therefrom." (Dkt. Entry # 51, ¶ 6.) Since Petitioner has been released from the custody of the Pennsylvania Department of Corrections (DOC), Respondents conclude that "any and all arguments that he has requesting that he be released" are moot. (Id. at ¶ 7.)

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of

4

pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982). In light of his release from custody, Petitioner cannot show that he is suffering any collateral consequences as required under Spencer with respect to the parole eligibility requirements imposed by the Parole Board. As noted in Burkey and Kissinger, the types of habeas claims asserted herein are mooted once a federal inmate is released from imprisonment. Moreover, the only relief requested by Petitioner is that he be afforded release. Since he has been afforded that relief, a finding of mootness is appropriate.[1]

In conclusion, Spruill's release has caused his instant habeas corpus petition to become moot since it no longer presents an existing case or controversy. Accordingly, the petition will be dismissed. An appropriate Order will enter.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

---

[1] Any claim pertaining to conditions of parole now being experienced by Spruill would be outside the contours of this habeas proceeding, and may not even be the subject of a habeas corpus proceeding. To the extent that Spruill claims that he continues to be exposed to unconstitutional conditions, he can commence a new action in the appropriate form and in the appropriate forum.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT SPRUILL, :
:
    Petitioner, : CIVIL NO. 3:CV-06-2037
:
vs. : (JUDGE VANASKIE)
:
PENNSYLVANIA BOARD OF PROBATION :
AND PAROLE, et al. :
:
    Respondents. :

ORDER

NOW, THEREFORE, THIS 8th DAY OF SEPTEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.    Respondents' motion to dismiss (Dkt. Entry # 51) is GRANTED.

    2.    Petitioner's motion to expand the record (Dkt. Entry # 49) is DENIED.

    3.    The petition for writ of habeas corpus is DISMISSED AS MOOT.

    4.    The Clerk of Court is directed to CLOSE the case.

    4.    There is no basis for the issuance of a Certificate of Appealability.

    s/ Thomas I. Vanaskie
    Thomas I. Vanaskie
    United States District Judge